HARVEY HART, *Plaintiff in Error.*

*vs.*

HUMPHREY JANES, *Defendant in Error.*

ERROR TO THE ROCK COUNTY COURT.

A party receiving a notice to appear and testify in a cause, in conformity with § 57–60 of chap. 98, Rev. Stat. does not become entitled to testify in his own behalf, unless examined by the adverse party.

Receiving the notice under the statute aforesaid, does not make a party a general witness in the cause. It is optional with the party giving such notice to his adversary to examine him or not.

Section 60, of chapter 98, commented upon and explained.

This cause was originally commenced in a justice's court by the defendant in error against the plaintiff in error, on the 18th day of January, 1851, and issue was joined thereon on the 1st day of Febuary, 1851. The plaintiff declared upon a promissory note which was filed with the justice. The defendant pleaded the general issue, and also put in a special plea, averring that the note was given by him to Janes in part payment for a horse, sold by Janes to Hart, and averring fraud in the sale of the horse. Judgment was rendered for the plaintiff for $21.86 damages, and for $2.56 costs; in all $24.42.

After judgment, the defendant appealed to the Rock County Court, and the cause came on to be tried at the October term, 1851, on the issue joined therein, which was tried by a jury.

On the trial, the plaintiff below produced, and offered in evidence a certain promissory note, a copy of which is as follows.

"Johnstown, Oct. the 11, 1849.

"For value received, I promise to pay to Hum-

phrey Janes or bearer, the sum of twenty dollars, by the first day of July, with use.

" HARVEY HART."

On the said note was an indorsement made by the justice before whom the cause was tried, as follows :

"Filed in my office January 18, 1851.

" JONATHAN COOK, Justice of the Peace."

But to the reading of the said note in evidence, the counsel for the said defendant below objected, on the ground that the note offered in evidence is not the note declared on. The court overruled the objection and the defendant excepted.

Here the plaintiff below rested, when the counsel for the defendant below moved the court for a non-suit, on the ground : 1st. That the note read in evidence was not the note declared on : 2d. That it did not appear to have been due at the time of the commencement of the suit. The motion was overruled by the court, to which ruling the defendant below excepted.

The counsel for the defendant then called as a witness, Seymour Janes, who having been showed the note, testified, that he had seen the note before ; was present when it was given ; it was given by Hart, the defendant to my (witness) brother, the plaintiff below, on sale of a horse; Hart let Janes have some other notes, and Janes took this note for the balance on the horse. The horse was a large bay, 7 or 8 years old ; he was a horse that McLaughlin used to own ; Mc-L. let Janes have the horse. Horse was worth, if sound, $80 to $90. Hart gave Janes $90 for the horse.

Janes did not own the horse over three or four weeks, was on the road to the lakes ; drove twelve miles per day.

The defendant also proved by this and other witnesses, the purchase of the horse by the defendant; the giving of the note for part of the purchase price of the horse; the delivery of the horse to the defendant, and that the horse took sick, and in a few days after the purchase, died of the glanders. There was also evidence tending to show that the plaintiff below, at the time of the sale, knew that the horse was diseased; also, evidence tending to show that the plaintiff below warranted him to be sound in every respect, and able to perform labor, &c. But it is not deemed necessary to state the evidence in detail nor all of the errors assigned, nor all the points made by the counsel, as the case turned upon a single point, which was the only one decided, or deemed necessary to be noticed and decided by the court.

After the defendant had gone through with his evidence, the plaintiff offered himself as a witness; who was objected to by the counsel for the defendant, on the ground that he was a party to the suit, and being such, was incompetent to testify; which objection was overruled by the court, to which ruling the defendant excepted. The plaintiff was then sworn and examined; to each interrogatory the defendant objected, was overruled and took his exceptions. He testified that at the time of the sale he was not aware of any unsoundness in the horse; that he was in fine order and condition, at the time of sale, and able to perform business; that while he owned the horse, he went to the lake with him, loaded both ways, twice; that he owned him between two and three weeks; that during that time there was no falling off of flesh, but the horse rather gained of the

two ; that he gave him no medicine, except tobacco ; that he always gave his horses tobacco to keep off the botts and cholic, in changing food ; that when he first got the horse, he had been running out, and he commenced feeding him, and gave him tobacco to prevent the feed from hurting him.

The defendant's counsel then moved the court, that all the testimony of the plaintiff be stricken out, on the ground : 1st. That the said Janes was interested in the event of the suit, and is an actual party to the suit, and had not been examined by the defendant. 2nd. On the further ground, that the plaintiff had not shown that the notice, if any had been given, was sufficient for the defendant to require the attendance and evidence of the said Janes, plaintiff in the suit.

These motions were denied by the court, and exceptions taken by the defendant.

The plaintiff then filed a notice, served on him, by the defendant, requiring him, the said plaintiff, to appear and testify on the part of the defendant, which the court decided to be sufficient.

The counsel for the defendant then moved the court to strike out all the testimony of Janes, on the ground that his testimony had been received before he was rendered competent ; which motion was denied, and exception taken.

The defendant then moved for a nonsuit, on the ground that, from the evidence, there appeared to be an entire failure of the consideration for which the note was given, which motion was denied by the court, and exception taken.

The defendant then offered himself as a witness to testify to all the matters in issue in the suit, which

the plaintiff had testified to in his examination. To this the counsel for the plaintiff objected, and the objection was sustained by the court, to which ruling of the court the defendant excepted.

The jury returned a verdict · for the plaintiff, for twenty-two dollars and eighty cents. Judgment was rendered upon the verdict, and for costs, to reverse which this writ of error is brought.

A number of errors were assigned, but it is only necessary to state the following:

That the court erred in allowing Humphrey Janes to testify on his own behalf, he being a party to the suit, and not having been examined by the adverse party.

That the court erred in refusing the motion to strike out the testimony of the said Janes, he being an interested witness and actual party to the suit, and it not appearing that a sufficient notice had been served on the said Janes to require his attendance and evidence on the trial.

The court erred in refusing to allow the defendant to be examined on his own behalf, as to matters tes· tified to by said Janes, not responsive to inquiries put to him by the adverse party.

*J. A. Sleeper*, for the plaintiff in error.

To entitle a party to testify as a witness in his own behalf, he must have been first examined by the adverse party, or the adverse party must neglect or refuse to appear and testify, on notice given him for that purpose. R. S., Chap. 98, § 57, § 60.

The court below should have sustained the motion to strike out the testimony of Humphrey Janes, after the decision of the court as to the competency

of the notice, Janes having been examined previous to the decision of the court on said notice. When a witness is disqualified by interest, and testifies in the cause, and after giving his testimony the interest is released, or he is otherwise rendered competent, his being released of his interest, or being otherwise rendered competent, will not render his testimony good without a re-examination. *Doty* vs. *Wilson*, 11 *Johns.*, 378; *Ten Eyck* vs. *Bill*, 5 *Wend.*, 55.

The court also erred in refusing to allow Hart, the defendant below, to be examined on his own behalf, as to the matters testified to by Janes, not responsive to inquiries put to him by the adverse party. When a party to a suit is examined by an adverse party, as by Chap. 98 R. S., provided, he may be examined on his own behalf in respect to any matter pertinent to the issue. But if he testify to any new matter, not responsive to the inquiries put to him by the adverse party, such adverse party may offer himself as a witness on his own behalf, in respect to the new matter, and shall be received. R. S., Chap. 98, § 60.

*David Noggle*, for the defendant in error.

The only point worthy of consideration in the case is that in relation to admitting parties to be sworn as witnesses in their own cases. In this case the following notice was served upon Humphrey Janes, on the day of the date thereof:

" ROCK COUNTY COURT ;

" Harvey Hart, appellant, ads. Humphrey Janes, appellee.

*Gents. :* Please to take notice that the personal attendance of the above named plaintiff is hereby re-

quired on the trial of this cause, in the above named

court, to testify as a witness on the part of the defendant.

(Dated,) 1st day of Nov., 1851.

*Eldridge & Pease*, att'ys for appellant,

To *Noggle, Prichard & Prichard*, att'ys. for appellees.'

1. Did the court err in permitting the plaintiff below to be sworn as a witness in his own behalf after the defendant had notified him to appear and testify in the cause, but had omitted to have him sworn?

In this cause the plaintiff below claims that the court decided correctly in admitting him as a witness. See *R. S, page* 523, § 57 *to* 60. *Rurnett's Rep., page* 53 ; 2 *Chand. Rep.*, 168 *to* 171.

2. Did the court decide correctly in rejecting th evidence of Hart, the defendant below. The defendant in error insists that § 60 of Chap. 98, does not apply to such cases.

*By the Court,* WHITON, C. J.—The principal error relied upon by the plaintiff in error to reverse the judgment in this case, is the ruling of the judge, by which Janes, the plaintiff below, was permitted to testify in his own behalf, at the trial.

The question presented by this assignment of er ror, is new, having never before been brought to the consideration of this court.

The Supreme Court of the late Territory of Wisconsin, in the case of *Parkinson* vs. *McKim*, (*Burnett's Rep.*,) 53, held that a party who received notice under the Statute, to appear and testify, if not called upon to testify, became a witness ; and that, if not called upon to testify at the trial, by the party giving the notice, might be sworn as a witness in his

own behalf. This practice is mentioned with approbation by the judge who gave the opinion in the case of *Green* vs. *Hally*, 2 *Chand. R.*, 168. But these decisions were made under a Statute materially different from our present one, to which we are now called upon to give a construction. The change in the Statute is produced by adding a new section, which is in these words: " A party examined by an adverse party, as in this chapter provided, may be examined on his own behalf in respect to any matter pertinent to the issue. But if he testify to any new matter, not responsive to the inquiries put to him by the adverse party, such adverse party may offer himself as a witness in respect to such new matter, and shall be so received." *R. S., Chap.* 98, § 60. It will be seen that the practical operation of the Statute, where the party receiving the notice appears and testifies at the trial, is, to make him a general witness, if he shall choose to testify on his own behalf, to matters not responsive to the inquiries put to him by the adverse party; but in respect to such new matter, the party who gave the notice, may be himself a witness.

The plaintiff in error contends, that the practice under the old Statute, above alluded to, will frustrate the evident intention of the legislature, in the enactment of this section, because the section contemplates an examination of the party receiving the notice on his own behalf, only in cases where he has first been examined by the adverse party, and provides a check upon his thus testifying as to new matter, in the provision that the adverse party may be a witness in respect to such new matter. To permit him to testify on his own behalf, for the reason that the party giv-

ing the notice does not choose to call him, would, it is contended, under this provision of the Statute, be nugatory, because, he would become a general witness, and his testimony would not be subject to be explained or rebutted by the testimony of the party giving the notice, as he would not, in the language of the Statute, have been examined by the adverse party, but on his own behalf alone.

We are inclined to think that this is the more reasonable view of the Statute, especially, as in our opinion, the right of one party to testify, while the other is excluded, should not be extended beyond the letter of the Statute, except by clear and necessary implication.

It is objected to this view of the Statute, that the party receiving the notice may be put off his guard, and be thereby induced to neglect to subpœna witnesses to attend at the trial, to prove facts within his own knowledge, as he may rely upon his own testimony to substantiate them. We do not think the objection entitled to much weight. When the practice of the court is settled, parties will conform to it, and we do not think it any hardship to a party receiving a notice, to appear and testify, under the Statute to subpœna witnesses, to prove all the facts he deems essential to be established.

Upon a view of this Statute, we are of the opinion, that Janes did not acquire a right to be examined on his own behalf, and that the judge committed an error in permitting him to testify.

For this cause the judgment of the County Court in this case must be reversed, and a new trial ordered.